**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie Nicole Martinez, | No. CV-23-02142-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Stephanie Nicole Martinez seeks review of the Social Security Commissioner's final decision denying her disability insurance benefits during a closed period. The Commissioner concedes error and seeks remand for further administrative proceedings because the Administrative Law Judge ("ALJ") failed to consider an updated medical opinion located in an unusual spot in the administrative record. (Docs. 15 at 3, 16 at 3.) Martinez argues remand should be only for the award and calculation of benefits. (Doc. 17 at 4–11.) Because significant factual conflicts remain in the administrative record and the record as a whole does not compel the conclusion that Martinez is in fact disabled, the Commissioner's request is granted, and the case is remanded for further administrative proceedings.

## I. Background

Martinez filed an application for disability benefits on March 16, 2018, alleging a disability beginning on February 9, 2018. (Administrative Record ("AR") 13, Doc. 8-3 at 14.) Martinez returned to full-time work during an earlier district court appeal that ended

in a stipulated remand for further administrative action, so on remand she sought benefits only for a closed period between February 9, 2018, and January 1, 2021. (AR 1436, 1492–93.)

Martinez alleged she was disabled and therefore unable to work full-time during that period because of medical conditions that included recurrent rheumatoid arthritis, epilepsy, migraines, peripheral neuropathy, and fibromyalgia. (AR 16.) Several of her treating providers—including her primary care doctor Michael Kleven, her neurologist, and her rheumatology provider—submitted medical records and source statements opining about Martinez's work-related capabilities. (AR 26–29, 1343.) State consultative examiners reviewed the medical records and also opined about what Martinez's conditions would allow her to do. (AR 29.) Martinez testified initially and on remand. (AR 43–68, 1463–71.)

The ALJ found Martinez had several severe impairments and took into account other non-severe impairments also reflected in the medical records. (AR 16–17, 1438–41.) But, discussing the medical evidence at length and citing specific conflicts between the objective evidence, the medical opinions themselves, and Martinez's testimony, the ALJ found several providers' opinions to be of limited persuasiveness and Martinez's statements to be somewhat inconsistent with the evidence. (AR 18–29, 1442–50.) Accordingly, the ALJ found Martinez capable of performing her past work and thus not disabled. (AR 1450–51.) The Appeals Council denied Martinez's request for review of the ALJ's post-remand decision. (AR 1422–25.)

Martinez filed an appeal to the district court. The Commissioner concedes the case should be remanded for further administrative proceedings because the ALJ appears to have overlooked one of Dr. Kleven's opinions (which was filed in a different and unexpected location in the record from the other two Kleven opinions the ALJ did discuss). (Doc. 16 at 3.) Martinez argues the case should be remanded not for further proceedings but instead for an award of benefits. (Doc. 17 at 4–11.)

## II. Legal Standard

A district court should ordinarily remand to the agency for further administrative proceedings instead of an award of benefits. *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"). Courts should only remand for an automatic award of benefits where "no useful purposes would be served by further administrative proceedings and the record has been thoroughly developed." *Treichler*, 775 F.3d at 1100 (simplified).

In determining whether to remand for further proceedings or for an award of benefits, courts should consider three criteria in a prescribed order, including (as the middle step) whether the record has been fully developed or if instead outstanding issues must be resolved before a disability determination can be made. *Id.* at 1100–1, 1107; *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Under this step, a remand for further proceedings is appropriate where the record contains "significant factual conflicts." *Treichler*, 775 F.3d at 1104. And even where a plaintiff satisfies all three criteria to make an automatic award of benefits permissible, it is appropriate to instead remand for further proceedings when "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

## III. Discussion

The parties' agreement that the ALJ committed legal error by failing to discuss Dr. Kleven's most recent opinion satisfies the first of the three criteria used in determining the scope of the remand. *See Valentine v. Comm'r of Soc. Sec. Admin.*, No. CV-19-05127-PHX-JJT, 2020 WL 7022236, at *1 (D. Ariz. Nov. 30, 2020). Proceeding in order through the steps as the Ninth Circuit requires, the court must therefore consider whether the record is fully developed to allow a disability determination, *i.e.*, whether there are significant factual conflicts left for the ALJ to resolve. *Treichler*, 775 F.3d at 1105; *Leon*, 880 F.3d at 1045.

Reviewing the record as a whole, outstanding factual issues must be resolved before a disability determination can be made. The ALJ highlighted specific conflicts between the medical opinions and the objective medical evidence—and even among the medical providers—that remain to be resolved even once Dr. Kleven's most recent opinion is considered. (AR 26–29, 1343.) And Martinez's testimony itself conflicted with the most recent Kleven opinion, for example, in stating that she stood for the majority of four hours at her part-time foodservice job in September 2020 (AR 47), where Dr. Kleven had opined a few months earlier that she could stand for no more than two hours (AR 1533).[1] And even setting aside those factual conflicts, remand for an award of benefits would be inappropriate here because "an evaluation of the record as a whole creates serious doubt that [the] claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Accordingly,

**IT IS ORDERED** the Motion to Remand (Doc. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** vacating and remanding for further administrative proceedings the April 5, 2023, decision of the ALJ.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 2nd day of January, 2025.

Honorable Krissa M. Lanham
United States District Judge

---

[1] For that reason, even if the court could credit Dr. Kleven's opinion as true before evaluating whether factual issues require resolution as Martinez asks (Doc. 17 at 6)—which it cannot, *see Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015)—it could not find at the third step of the remand analysis that the ALJ would be *required* to find Martinez disabled on remand.